**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| XIA JIANG,<br><br>    Plaintiff,<br><br>vs.<br><br>MELLANESA ASTON,<br><br>    Defendant. | Case No. 2:18-cv-01296-MMD-VCF<br><br>**ORDER AND REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* [EFC NO. 1] AND NOTICE OF REMOVAL [ECF NO. 1-1] |

 Before the Court are *pro se* Defendant Mellanesa Aston's application to proceed *in forma pauperis* (ECF No. 1) and Notice of Removal (ECF No. 1-1). For the reasons stated below, the Court grants Aston's application to proceed *in forma pauperis*, but recommends that the case be remanded to Nevada Justice Court for lack of subject matter jurisdiction.

## DISCUSSION

Aston's filings present two questions. First, whether she may proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Second, whether her case may be properly removed to federal court.

**A. Aston's Application to Proceed *In Forma Pauperis* is Granted**

A party may proceed in a case "without prepayment of fees or security therefor" if the party submits a financial affidavit demonstrating that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In her application to proceed *in forma pauperis*, Aston states that her monthly expenses are greater than her wages. (ECF No. 1 at 1-2). Therefore, the Court grants Aston's application to proceed *in forma pauperis*.

1

**B.     The Case Should Be Remanded for Lack of Jurisdiction**

28 U.S.C. § 1446 governs the procedure for removing an action to federal court, but it does not govern a federal court's ability to exercise jurisdiction over a removed action. Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

In this case, Aston seeks to remove a Nevada Justice Court case involving an eviction. (ECF No. 1-1). Aston asserts that removal is proper because (1) the eviction violates Aston's civil rights and (2) the parties are diverse and the amount in controversy could exceed $75,000. (*Id.* at 2). However, neither of Aston's assertions provide a basis for this Court's jurisdiction over this case. Assuming *arguendo* that the eviction could be halted due to violations of Aston's civil rights, "the existence of a defense based upon federal law is insufficient to support [federal] jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The underlying landlord-tenant complaint does not present a federal question. The removal petition and cover sheet allege that both Aston and the other party reside in Nevada. (ECF No. 1-2).

Therefore, there is no basis for this case to be removed to federal court. The Court lacks subject matter jurisdiction over this case. The case should be remanded. 28 U.S.C. § 1447(c).

ACCORDINGLY,

IT IS ORDERED that Aston's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS RECOMMENDED that the case be REMANDED to Nevada Justice Court for want of jurisdiction.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order and Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED and RECOMMENDED.

DATED this 7th day of August, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE